**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AIXA MARIE SANTIAGO-TORRES, | CIVIL ACTION – LAW |
| | NO. 5:22-CV-02875-JLS |
| *Plaintiff,* | |
| v. | |
| THE KELLOGG COMPANY d/b/a KELLOG'S | |
| AND | |
| JOHN DOE, UNIDENTIFIED PERSON OR BUSINESS ENTITY/OWNER/OPERATOR OF COMPANY THAT LOADED ITEMS THAT INJURED PLAINTIFF AS DESCRIBED HEREIN | |
| *Defendants/Third-Party Plaintiff* | |
| AND | |
| RYDER INTEGRATED LOGISTICS, INC. | |
| *Third-Party Defendant.* | |

## ORDER

**AND NOW**, this _____ day of _____, 2023, upon consideration of Third-Party Defendant Ryder Integrated Logistics, Inc's Motion for Protective Order to Preclude the Depositions of Ryder employees, and any response thereto, it is hereby **ORDERED** and **DECREED** that the Motion is **GRANTED**.

**BY THE COURT:**

_____, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIXA MARIE SANTIAGO-TORRES,  )  | CIVIL ACTION – LAW |
| ) | NO. 5:22-CV-02875-JLS |
| *Plaintiff,* ) | |
| ) | |
| v.  ) | |
| ) | |
| THE KELLOGG COMPANY d/b/a ) | |
| KELLOG'S ) | |
| ) | |
| AND ) | |
| ) | |
| JOHN DOE, ) | |
| UNIDENTIFIED PERSON OR BUSINESS ) | |
| ENTITY/OWNER/OPERATOR OF ) | |
| COMPANY THAT LOADED ITEMS THAT ) | |
| INJURED PLAINTIFF AS DESCRIBED ) | |
| HEREIN ) | |
| ) | |
| ) | |
| *Defendants/Third-Party Plaintiff* ) | |
| ) | |
| AND ) | |
| ) | |
| RYDER INTEGRATED LOGISTICS, INC. ) | |
| ) | |
| *Third-Party Defendant.* ) | |

## RYDER INTEGRATED LOGISTICS, INC'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE DEPOSITIONS OF RYDER EMPLOYEES

Third-Party Defendant Ryder Integrated Logistics, Inc. by and through its undersigned counsel Goldberg Segalla LLP, hereby moves for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) precluding depositions of Ryder employees, and in support thereof, states as follows:

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

1. Plaintiff, Aixa Marie Santiago-Torres, initiated this action on June 30, 2022 by filing a Complaint in the Court of Common Pleas of Philadelphia County, naming only Defendants, The Kellogg Company d/b/a Kellogg's ("Kellogg") and John Doe. *See* Plaintiff's Complaint at [ECF 9].

2. Plaintiff alleges that "On August 18, 2020, Plaintiff, Aixa Marie Santiago-Torres, was an employee of Ryder Systems, Inc., working at 2001 Yellow Good Road, Lancaster, Pennsylvania … [and] Plaintiff was about to be unloading a tractor-trailer when, suddenly and without warning, pallets of product began falling out of the trailer when Plaintiff opened the door, striking Plaintiff's left arm and her body. *Id.* at ¶¶ 5 – 6.

3. Plaintiff's Complaint contains two Counts, both for ordinary negligence, with one against Kelloggs and one against the John Doe Defendant. *Id.* at Counts I and II.

4. In response, Kellogg filed a Notice of Removal in the Court of Common Pleas of Philadelphia County on August 8, 2022, removing the matter to the United States District Court for the Eastern District of Pennsylvania. *See* Kellogg Notice of Removal at [ECF 1].

5. Kellogg then filed a Third-Party Complaint on August 23, 2022, naming Ryder Integrated Logistics, Inc. as a Third-Party Defendant. *See* Kellogg Third-Party Complaint at [ECF 7].

6. In response, Ryder filed a Motion to Dismiss Kellogg's Third-Party Complaint with this Court on November 7, 2022. *See* Ryder's Motion to Dismiss at [ECF 13].

7. As of this filing, Ryder's Motion to Dismiss is still pending.

2

8. It is undisputed that Plaintiff was a Ryder employee working in the course and scope of her employment for Ryder at a Kellogg warehouse at the time of this alleged incident.

9. It is also undisputed that Plaintiff has received Workers' Compensation benefits for this incident.

10. Nonetheless, Ryder remains an improper party to this suit and has been required to file responsive pleadings, dispositive pleadings, and comply with discovery obligations.

11. Plaintiff's Counsel provided a Notice of Deposition with twelve (12) areas of inquiry for a Ryder corporate representative. *See* Plaintiff's Notice of Deposition for Ryder Corporate Representative attached as "Exhibit A."

12. The areas of inquiry are the following:

   1. The investigation into the incident described in Plaintiff's Complaint.

   2. The circumstances of the actual loading and unloading of the truck involved in the incident described in Plaintiff's Complaint.

   3. Policies and procedures of Ryder and Kelloggs regarding the loading and unloading of the truck involved in the incident described in Plaintiff's Complaint (and trucks generally around that time).

   4. Procedures, protocols and training with regard to investigating and documenting incidents involving alleged injuries occurring on the premises where Plaintiff is alleged to have been injured.

   5. The identities of any individuals involved in the loading and unloading of the truck involved in the incident described in Plaintiff's Complaint.

6. Any contracts or agreements related to the loading and unloading of the truck involved in the incident described in Plaintiff's Complaint (and trucks generally being unloaded at the facility).

7. Ownership, management and control of the premises where the incident described in Plaintiff's Complaint occurred as of the date of this incident.

8. The nature and substance of the relationship, contracts, agreements and any understandings between The Kellogg Company d/b/a Kellogg's and Ryder as it involved in the loading and unloading of the truck involved in the incident described in Plaintiff's Complaint (and trucks generally at the subject location).

9. The relative obligations and duties of The Kellogg Company d/b/a Kellogg's and Ryder relating to the loading and unloading of the truck involved in the incident described in Plaintiff's Complaint, including any safety protocols.

10. Information in the possession or knowledge of Ryder's representatives regarding Plaintiff's work and/or the nature of her alleged injuries.

11. Plaintiff's employment and job duties with Ryder up to and including the date of the incident described in Plaintiff's Complaint.

12. Defendants asserted to the Workers' Compensation claim filed by Plaintiff relative to the incident described in Plaintiff's Complaint.

## II. ARGUMENT

13.  Pursuant to Federal Rule of Civil Procedure 26(c), a party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.

14. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *Id.*

15. The party seeking the protective order must demonstrate good cause. In other words, the burden is on the party seeking to bar an otherwise validly noticed deposition to show that the discovery should not be held. *See 19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345 (E.D. Pa. 2000).

16. Courts have the discretion to limit relevant discovery under certain circumstances: The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. *See Pepsi-Cola Metro. Bottling Co. v. Ins. Co. of N. Am.*, 2011 U.S. Dist. LEXIS 154369 (E.D. Pa. Jan. 25, 2011).

17. In the present action, Ryder continues to suffer significant ongoing undue burden and expense in complying with discovery obligations and depositions where Ryder is an improper party to this case.

18. Because Plaintiff was a Ryder employee working in the course and scope of her employment at the time of the incident, her claims against Ryder are prohibited by the Pennsylvania Workers' Compensation Act and pursuant to the arguments in Ryder's Motion to Dismiss [ECF 13] concerning the valid forum selection clause in the warehouse agreement between Kellogg and Ryder.

19. The Workers Compensation Act prohibits joinder of an injured plaintiff's employer as an additional defendant to its employee's personal injury action by another party. 77 P.S. §481(b).

20. The liability of an employer under this act shall be <u>exclusive</u> and in place of any and all other liability to such employees or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury as a <u>sole remedy</u>. *See* 77 P.S. §481(a).

21. Nonetheless, answers to each area of inquiry requested by Plaintiff in her Notice of Deposition are readily available from other sources, all of which are less burdensome and less expensive.

22. Paragraphs 1 – 9 of Plaintiff's Notice of Deposition seek:

1. The investigation into the incident described in Plaintiff's Complaint.

2. The circumstances of the actual loading and unloading of the truck involved in the incident described in Plaintiff's Complaint.

3. Policies and procedures of Ryder and Kellogg regarding the loading and unloading of the truck involved in the incident described in Plaintiff's Complaint (and trucks generally around that time).

4. Procedures, protocols and training with regard to investigating and documenting incidents involving alleged injuries occurring on the premises where Plaintiff is alleged to have been injured.

5. The identities of any individuals involved in the loading and unloading of the truck involved in the incident described in Plaintiff's Complaint.

      6. Any contracts or agreements related to the loading and unloading of the truck involved in the incident described in Plaintiff's Complaint (and trucks generally being unloaded at the facility).

      7. Ownership, management and control of the premises where the incident described in Plaintiff's Complaint occurred as of the date of this incident.

      8. The nature and substance of the relationship, contracts, agreements and any understandings between The Kellogg Company d/b/a Kellogg's and Ryder as it involved in the loading and unloading of the truck involved in the incident described in Plaintiff's Complaint (and trucks generally at the subject location).

      9. The relative obligations and duties of The Kellogg Company d/b/a Kellogg's and Ryder relating to the loading and unloading of the truck involved in the incident described in Plaintiff's Complaint, including any safety protocols.

*See* "Exhibit A," at ¶¶ 1 – 9.

    23.    These areas are all better addressed by Kellogg due to the incident happening at a Kellogg's warehouse and by the Warehouse Agreement between Kellogg and Ryder, which outlines all duties and responsibilities in relation to operations at the Kellogg warehouse, that is attached to both Kellogg's Third-Party Complaint [ECF 7] and Ryder's Motion to Dismiss [ECF 13].

    24.    Further, these areas have already been addressed by Kellogg's Corporate Designee Trevor Wetzel who was deposed on April 5, 2023. *See* Deposition Transcript of Kellogg Corporate Representative attached as "Exhibit B."

    25.    Paragraphs 10 – 12 of Plaintiff's Notice of Deposition seek:

> 10. Information in the possession or knowledge of Ryder's representatives regarding Plaintiff's work and/or the nature of her alleged injuries.
>
> 11. Plaintiff's employment and job duties with Ryder up to and including the date of the incident described in Plaintiff's Complaint.
>
> 12. Defendants asserted to the Workers' Compensation claim filed by Plaintiff relative to the incident described in Plaintiff's Complaint.

*See* "Exhibit A," at ¶¶ 10 – 12.

26. These areas are all readily answerable by Plaintiff's Workers' Compensation file, which is already in each Parties' possession, and Plaintiff's employment file, which Ryder is currently preparing to produce in response to the Parties' discovery requests.

27. After production of Plaintiff's employment file in response to the Parties' discovery requests, there will be no area of inquiry not readily answerable by the exhibits attached to prior pleadings, document productions in response to discovery requests, and by Kellogg's corporate representative Trevor Wetzel who was deposed on April 5, 2023.

28. Likewise, this information is obtainable from sources far less burdensome and expensive, and partially alleviates Ryder of a burden that far outweighs the likely benefit of the proposed discovery.

29. Nonetheless, Ryder has been forced to incur significant ongoing expense and undue burden by complying with discovery obligations and filing responsive and dispositive pleadings since August 2022 in a case where Ryder is an improper party and Plaintiff's claims are barred as to Ryder.

30. Accordingly, Ryder requests that this Honorable Court enter the attached Proposed Order Precluding Deposition of Ryder employees to prevent even more significant expense and undue burden as to Ryder.

                                                                                 **GOLDBERG SEGALLA, LLP**

By: */s/  Sean T. Stadelman*
Sean T. Stadelman – Bar No: 201636
Avery J. Quiles – Bar No: 329616
Goldberg Segalla LLP
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
267.519.6800

Dated: April 18, 2023                                         sstadelman@goldbergsegalla.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIXA MARIE SANTIAGO-TORRES, ) | CIVIL ACTION – LAW |
| ) | NO. 5:22-CV-02875-JLS |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | |
| THE KELLOGG COMPANY d/b/a ) | |
| KELLOG'S ) | |
| ) | |
| AND ) | |
| ) | |
| JOHN DOE, ) | |
| UNIDENTIFIED PERSON OR BUSINESS ) | |
| ENTITY/OWNER/OPERATOR OF ) | |
| COMPANY THAT LOADED ITEMS THAT ) | |
| INJURED PLAINTIFF AS DESCRIBED ) | |
| HEREIN ) | |
| ) | |
| ) | |
| *Defendants/Third-Party Plaintiff* ) | |
| ) | |
| AND ) | |
| ) | |
| RYDER INTEGRATED LOGISTICS, INC. ) | |
| ) | |
| *Third-Party Defendant.* ) | |

**RYDER INTEGRATED LOGISTICS, INC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER TO PRECLUDE DEPOSITIONS OF RYDER EMPLOYEES**

Third-Party Defendant Ryder Integrated Logistics, Inc. by and through its undersigned counsel Goldberg Segalla LLP, hereby submitted the following Memorandum of Law in support of its Motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c) precluding depositions of Ryder employees, and in support thereof, states as follows:

**I.     MATTER BEFORE THE COURT**

Third-Party Defendant Ryder Integrated Logistics, Inc's Motion for Protective Order Precluding the Deposition of Ryder employees.

**II.    QUESTION PRESENTED**

Whether this Honorable Court should grant Ryder's Motion for Protective Order and enter an Order precluding the deposition of any Ryder employees where Ryder is an improper party to this litigation and has been forced to incur significant ongoing undue burden and expense in complying with discovery obligations.

*Suggest Answer: Yes*

**III.   BACKGROUND**

Plaintiff, Aixa Marie Santiago-Torres, initiated this action on June 30, 2022 by filing a Complaint in the Court of Common Pleas of Philadelphia County, naming only Defendants, The Kellogg Company d/b/a Kellogg's ("Kellogg") and John Doe. *See* Plaintiff's Complaint at [ECF 9]. Plaintiff alleges that "On August 18, 2020, Plaintiff, Aixa Marie Santiago-Torres, was an employee of Ryder Systems, Inc., working at 2001 Yellow Good Road, Lancaster, Pennsylvania … [and] Plaintiff was about to be unloading a tractor-trailer when, suddenly and without warning, pallets of product began falling out of the trailer when Plaintiff opened the door, striking Plaintiff's left arm and her body. *Id*. at ¶¶ 5 – 6.

Plaintiff's Complaint contains two Counts, both for ordinary negligence, with one against Kelloggs and one against the John Doe Defendant. *Id*. at Counts I and II. In response, Kellogg filed a Notice of Removal in the Court of Common Pleas of Philadelphia County on August 8, 2022, removing the matter to the United States District Court for the Eastern District of Pennsylvania. *See* Kellogg Notice of Removal at [ECF 1]. Kellogg then filed a Third-Party Complaint on August 23, 2022, naming Ryder Integrated Logistics, Inc. as a Third-Party Defendant. *See* Kellogg Third-Party Complaint at [ECF 7].

2

In response, Ryder filed a Motion to Dismiss Kellogg's Third-Party Complaint with this Court on November 7, 2022. *See* Ryder's Motion to Dismiss at [ECF 13]. As of this filing, Ryder's Motion to Dismiss is still pending. It is undisputed that Plaintiff was a Ryder employee working in the course and scope of her employment for Ryder at a Kellogg warehouse at the time of this alleged incident. It is also undisputed that Plaintiff has received Workers' Compensation benefits for this incident. Nonetheless, Ryder remains an improper party to this suit and has been required to file responsive pleadings, dispositive pleadings, and comply with discovery obligations. Plaintiff's Counsel provided a Notice of Deposition with twelve (12) areas of inquiry for a Ryder corporate representative. See Plaintiff's Notice of Deposition for Ryder Corporate Representative attached as "Exhibit A."

IV.   **LEGAL ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 26(c), a party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *Id*. The party seeking the protective order must demonstrate good cause. In other words, the burden is on the party seeking to bar an otherwise validly noticed deposition to show that the discovery should not be held. *See 19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345 (E.D. Pa. 2000).

Courts have the discretion to limit relevant discovery under certain circumstances: The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery had ample

3

opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. *See Pepsi-Cola Metro. Bottling Co. v. Ins. Co. of N. Am.*, 2011 U.S. Dist. LEXIS 154369 (E.D. Pa. Jan. 25, 2011).

In the present action, Ryder continues to suffer significant ongoing undue burden and expense in complying with discovery obligations and depositions where Ryder is an improper party to this case. Because Plaintiff was a Ryder employee working in the course and scope of her employment at the time of the incident, her claims against Ryder are prohibited by the Pennsylvania Workers' Compensation Act and pursuant to the arguments in Ryder's Motion to Dismiss [ECF 13] concerning the valid forum selection clause in the warehouse agreement between Kellogg and Ryder.

The Workers Compensation Act prohibits joinder of an injured plaintiff's employer as an additional defendant to its employee's personal injury action by another party. 77 P.S. §481(b). The liability of an employer under this act shall be <u>exclusive</u> and in place of any and all other liability to such employees or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury as a <u>sole remedy</u>. *See* 77 P.S. §481(a). Nonetheless, answers to each area of inquiry requested by Plaintiff in her Notice of Deposition are readily available from other sources, all of which are less burdensome and less expensive. Paragraphs 1 – 9 of Plaintiff's Notice of Deposition seek:

> 1. The investigation into the incident described in Plaintiff's Complaint.
>
> 2. The circumstances of the actual loading and unloading of the truck involved in the incident described in Plaintiff's Complaint.

3. Policies and procedures of Ryder and Kellogg regarding the loading and unloading of the truck involved in the incident described in Plaintiff's Complaint (and trucks generally around that time).

4. Procedures, protocols and training with regard to investigating and documenting incidents involving alleged injuries occurring on the premises where Plaintiff is alleged to have been injured.

5. The identities of any individuals involved in the loading and unloading of the truck involved in the incident described in Plaintiff's Complaint.

6. Any contracts or agreements related to the loading and unloading of the truck involved in the incident described in Plaintiff's Complaint (and trucks generally being unloaded at the facility).

7. Ownership, management and control of the premises where the incident described in Plaintiff's Complaint occurred as of the date of this incident.

8. The nature and substance of the relationship, contracts, agreements and any understandings between The Kellogg Company d/b/a Kellogg's and Ryder as it involved in the loading and unloading of the truck involved in the incident described in Plaintiff's Complaint (and trucks generally at the subject location).

9. The relative obligations and duties of The Kellogg Company d/b/a Kellogg's and Ryder relating to the loading and unloading of the truck involved in the incident described in Plaintiff's Complaint, including any safety protocols.

*See* "Exhibit A," at ¶¶ 1 – 9. These areas are all better addressed by Kellogg due to the incident happening at a Kellogg's warehouse and by the Warehouse Agreement between Kellogg and Ryder, which outlines all duties and responsibilities in relation to operations at the Kellogg

warehouse, that is attached to both Kellogg's Third-Party Complaint [ECF 7] and Ryder's Motion to Dismiss [ECF 13]. Further, these areas have already been addressed by Kellogg's Corporate Designee Trevor Wetzel who was deposed on April 5, 2023. *See* Deposition Transcript of Kellogg Corporate Representative attached as "Exhibit B."

    Paragraphs 10 – 12 of Plaintiff's Notice of Deposition seek:

> 10. Information in the possession or knowledge of Ryder's representatives regarding Plaintiff's work and/or the nature of her alleged injuries.
>
> 11. Plaintiff's employment and job duties with Ryder up to and including the date of the incident described in Plaintiff's Complaint.
>
> 12. Defendants asserted to the Workers' Compensation claim filed by Plaintiff relative to the incident described in Plaintiff's Complaint.

*See* "Exhibit A," at ¶¶ 10 – 12. These areas are all readily answerable by Plaintiff's Workers' Compensation file, which is already in each Parties' possession, and Plaintiff's employment file, which Ryder is currently preparing to produce in response to the Parties' discovery requests. After production of Plaintiff's employment file in response to the Parties' discovery requests, there will be no area of inquiry not readily answerable by the exhibits attached to prior pleadings, document productions in response to discovery requests, and by Kellogg's corporate representative who was deposed on April 5, 2023.

    Likewise, this information is obtainable from sources far less burdensome and expensive, and partially alleviates Ryder of a burden that far outweighs the likely benefit of the proposed discovery. Nonetheless, Ryder has been forced to incur significant ongoing expense and undue burden by complying with discovery obligations and filing responsive and dispositive pleadings since August 2022 in a case where Ryder is an improper party and Plaintiff's claims are barred

as to Ryder. Accordingly, Ryder requests that this Honorable Court enter the attached Proposed Order Precluding Deposition of Ryder employees to prevent even more significant expense and undue burden as to Ryder.

## V.     CONCLUSION

For the reasons stated above, Ryder requests that this Honorable Court grant the herein Motion and enter a Protective Order precluding any depositions of Ryder employees.

**GOLDBERG SEGALLA, LLP**

By: **/s/  Sean T. Stadelman**
Sean T. Stadelman – Bar No: 201636
Avery J. Quiles – Bar No: 329616
Goldberg Segalla LLP
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
267.519.6800

Dated: April 18, 2023                                                 sstadelman@goldbergsegalla.com

7

## ATTORNEY CERTIFICATION OF GOOD FAITH

The undersigned hereby certifies that he has spoken with counsels of record regarding the subject of this Motion in an effort to resolve the specific disputed issue, but has been unable to resolve the matter.

By: */s/ Sean T. Stadelman*
Sean T. Stadelman, Esquire

Dated: April 18, 2023

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Protective Order was served via the Court's ECF System and via e-mail to all counsel of record and involved parties on this 18th day of April, 2023.

**GOLDBERG SEGALLA, LLP**

By: **/s/ *Sean T. Stadelman*** 
Sean T. Stadelman – Bar No: 201636
Goldberg Segalla LLP
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
267.519.6800
sstadelman@goldbergsegalla.com

Date: April 18, 2023